IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| **DIARRA JERMAINE BODDY,** | ) |
| **Movant,** | ) |
| v. | ) CIVIL ACTION NO. 2:17-02670 |
| | ) (Criminal No. 2:14-00038) |
| **UNITED STATES OF AMERICA,** | ) |
| **Respondent.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on May 2, 2017.[1] (Document No. 144.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 150.)

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.    Criminal Action No. 2:14-00038:**

By a single-count Indictment filed on February 25, 2014, Movant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Action No. 2:14-00038, Document No. 1.) Following a two-day jury trial, Movant was convicted on August 28, 2014. (Id., Document Nos. 87, 89, 90, 92, and 93.) Movant filed a Motion for New Trial and Motion for Acquittal, which were both denied by the District Court on December 9,

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2014. (Id., Document Nos. 102, 103, 108.) A Presentence Investigation Report was prepared. (Id., Document No. 114.) The District Court sentenced Movant on December 11, 2014, to a 204-month term of imprisonment to be followed by a five-year term of supervised release. (Id., Document Nos. 111 and 112.) The District Court further imposed a $100.00 special assessment. (Id.)

On January 15, 2015, Movant filed a Notice of Appeal. (Id., Document No. 195.) In his appeal, Movant argued as follows: (1) "The District Court erred in denying Mr. Boddy's motion for a judgment of acquittal or, in the alternative, for a new trial on the ground that the evidence adduced at trial was insufficient to prove beyond a reasonable doubt that Mr. Boddy illegally possessed a firearm;" and (2) "The District Court erred in denying Mr. Boddy's motion for a new trial on the ground that the Government's star witnesses testified regarding previously excluded extrinsic evidence." United States v. Boddy, Case No. 15-4031 (4th Cir.), Document No. 17. On August 27, 2015, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. Id.; United States v. Boddy, 622 Fed.Appx. 219 (4th Cir. 2015). On September 10, 2015, appellate counsel (Wesley P. Page) filed a Motion to Withdraw as Counsel. Boddy, Case No. 15-4031, Document Nos. 37. On September 15, 2015, Movant, acting *pro se*, filed his Motion to Extend Time to File a Petition for Rehearing. Id., Document Nos. 38. By Order entered on September 16, 2015, the Fourth Circuit denied Movant's Motion to Extend Time. Id., Document No. 39. On September 23, 2015, Movant, acting *pro se*, filed a "Motion for Order Relieving Counsel and Granting Leave to File Pro Se Petition for Rehearing and Petition for Rehearing En Banc." Id., Document No. 41. By Order entered on October 15, 2015, the Fourth Circuit granted counsel's motion to withdraw from further representation and denied Movant's Motion for Leave to File Petition for Rehearing and Petition for Rehearing En Banc. Id., Document No. 42. On January 14, 2016, Movant filed an untimely petition for writ of certiorari. Id., Document Nos. 46. The United

States Supreme Court denied Movant's petition for writ of certiorari on May 2, 2016. Id., Document No. 47; Boddy v. United States, ___ U.S. ___, 136 S.Ct. 1834, 194 L.Ed.2d 838 (2016).

**B.     Section 2255 Motion:**

On May 2, 2017, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Memorandum in Support, and Affidavit. (Civil Action No. 2:17-02670, Document Nos. 144, 147, and 149.) As grounds for *habeas* relief, Movant asserts the following: (1) Ineffective assistance of trial and appellate counsel; and (2) "Conviction obtained by unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant (Brady/Giglio material)." (Id.) By Order entered on May 3, 2017, the undersigned directed the United States to file an Answer to Movant's claims. (Id., Document No. 153.) On August 1, 2017, the United States filed its Response to Movant's Motion Under 28 U.S.C. § 2255. (Id., Document No. 154.) The United States argues as follows: (1) Movant's Section 2255 Motion should be dismissed as untimely (Id., pp. 7 – 9.); and (2) Movant "has not met his burden of demonstrating ineffective assistance of counsel, and therefore, his claim is meritless" (Id., pp. 9 – 12.) As an Exhibit, the United States attaches a copy of the "Joint Appendix" as filed with the Fourth Circuit. (Document No. 154-1.) On October 30, 2017, Movant filed his Reply. (Id., Document No. 159.)

## ANALYSIS

In Response, the United States first argues that Movant's Section 2255 Motion is untimely. (Civil Action No. 2:17-2670, Document No. 154.) Specifically, the United States argues that Movant "had one year from the date his conviction became final – November 25, 2016 – to file a § 2255 motion, but the instant motion was not filed until May 2, 2017, over five months after the time to file such a motion expired." (Id., p. 7.) In Reply, Movant argues that his Section 2255

3

Motion is timely. (Id., Document No. 159, pp. 1 – 2.) Movant contends that he requested, and was granted, an extension of time by the Fourth Circuit to file a petition for rehearing. (Id., p. 2.) Movant states that his petition for rehearing was ultimately denied by the Fourth Circuit on October 25, 2015. (Id.) Movant states that he then had 90 days to file his petition for writ of certiorari with the United States Supreme Court. (Id.) Movant contends that he filed his petition for writ of certiorari with the United States Supreme Court, and such was denied on May 2, 2016. (Id.) Movant, therefore, argues that his Section 2255 Motion filed on May 2, 2017 is timely. (Id.)

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f). The Fourth Circuit affirmed Movant's conviction and sentence on August 27, 2015, and his sentence became final 90 days later when he did not file a timely petition for writ of certiorari (November 26, 2015).[2] On May 2, 2017, more than five months after the one-year period

---

[2] Rule 13 of the Supreme Court Rules provides that "a petition for a writ of certiorari to review a

expired, Movant filed the instant Motion raising issues challenging his conviction and sentence in Criminal Action No. 2:14-00038. (Civil Action No. 2:17-02670, Document Nos. 144, 147, 149.)

To the extent Movant argues that he filed a petition for rehearing with the Fourth Circuit, such is incorrect. Movant filed a motion requesting an extension of time to file a petition for rehearing, which was denied by the Fourth Circuit. Movant filed an untimely petition for writ of certiorari on January 14, 2016, which was denied by the United States Supreme Court on May 2, 2016. Movant's filing of an untimely petition for certiorari did not toll the statute of limitations. The United States Supreme Court has recognized that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). It is well recognized that filing an untimely petition for writ of certiorari does not toll the statute of limitations. See United States v. Buckles, 647 F.3d 883, 887 (9th Cir. 2011); Edwards v. United States, 295 Fed.Appx. 320 (11th Cir. 2008); United States v. Bendolph, 409 F.3d 155, 158 n. 5 (3rd Cir. 2005); McKnight v. United States, 2016 WL 5933910, * 2 (D.S.C. Oct. 11, 2016)(Movant's filing of "an untimely petition for writ of certiorari is irrelevant because otherwise, 'a § 2255 petitioner would be able to restart the limitations period – at any time – by filing an untimely petition for certiorari.'"); Rivers v. United States, 2016 WL 7508230, * 2

---

judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." U.S. Sup. Ct. Rules, Rule 13(1). The time to file a petition for a writ of certiorari runs from the date of entry of the judgment – not from the issuance date of the mandate. *Id.*, Rule 13(3). "[I]f a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* consider rehearing, the time to file the petition for writ of certiorari for all parties . . . runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment." *Id.*

(D.S.C. March 21, 2016)("The untimely appeal and certiorari writ that Petitioner later pursued in 2014 and 2015 have no impact on when his conviction became final under § 2255(f)(1)."), appeal dismissed, 669 Fed.Appx. 699 (4th Cir. 2016); Webb v. Director, Virginia Dept. of Corrections, 2013 WL 394721, * 5 n. 4(E.D.Va. Jan. 31, 2013)(finding petitioner's untimely petition for writ of certiorari did not delay the date his conviction became final); Mubang v. United States, 2011 WL 3511078, * 12 (D.Md. Aug. 9, 2011)(allowing untimely motions would render AEDPA's one-year statute of limitations a nullity); United States v. Saint-Jean, 684 F.Supp.2d 767 (W.D.Va. Feb. 17, 2010)("For federal criminal defendants who do not file a timely petition for certiorari on direct review, their conviction becomes final, and thus, the one-year limitation period begins to run, when the time for seeking such review expires."), appeal dismissed, 411 Fed.Appx. 665 (4th Cir. 2011); Hamerter v. United States, 2007 WL 1521059, * 1 (D.Md. May 21, 2007)("Hamerter's untimely-filed petition for writ of certiorari did not serve to toll the limitations period found in AEDPA."), appeal dismissed, 251 Fed.Appx. 833 (4th Cir. 2007); also see Torres-Flores v. United States, 2015 WL 331701, * 8 (E.D.N.C. Jan. 23, 2015)("[T]he untimely filing of a notice of appeal does not toll the one-year statute of limitations for filing a § 2255 petition."), appeal dismissed, 610 Fed.Appx. 290 (4th Cir. 2015); United States v. Waters, 2013 WL 1342473, * 1 (D.S.C. April 2, 2013)(concluding that an untimely appeal had no effect on the timeliness of petitioner's Section 2255 motion); White v. United States, 2007 WL 2021895, * 1 (W.D.Va. July 10, 2007)(finding that an untimely appeal had no effect), appeal dismissed, 251 Fed.Appx. 818 (4th Cir. 2007). Thus, Movant's untimely petition for writ of certiorari did not toll the statute of limitations, and the one-year period expired on November 26, 2016. Movant's Section 2255 Motion filed on May 2, 2017 is clearly untimely unless one of Section 2255(f)'s other subsections applies. Movant presents no

6

argument, nor can the Court find any indication, that Movant's Motion is timely pursuant to Section 2255(f)(2),(3), or (4). Specifically, there is no allegation or indication that any unconstitutional or illegal action by the United States prevented Movant from filing his Motion, that any right newly recognized by the Supreme Court applies to Movant's case, or that there are any facts affecting his case that he could not have previously discovered through the exercise of due diligence. The undersigned, therefore, finds that Movant's Section 2255 Motion is untimely.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted

> statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Movant, however, fails to indicate any factor beyond his control that prevented him from presenting his claim in a timely manner. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. As stated above, ignorance of the law is not a valid basis for equitable tolling. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 144), and **REMOVE** this matter from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: April 6, 2020.

Omar J. Aboulhosn
United States Magistrate Judge